

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
)
)
)
)
Plaintiff )
)
v. )    Civil Action No. *04-5317*
)
Cabot Corporation, NCR Corporation, )
American Telephone and Telegraph )
Company, Inc., International Business )
Machines Corporation, Unisys Corporation, )
Carpenter  Technology Corporation, Square )
D Company, and General Electric Company )
)
)
Defendants. )
)

## <u>CONSENT DECREE</u>

# TABLE OF CONTENTS

I.          BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

II.         JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.        PARTIES BOUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.         DEFINITIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.          REIMBURSEMENT OF RESPONSE COSTS  . . . . . . . . . . . . . . . . . . . . . . 6

VI.         FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT
            DECREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VII.        COVENANT NOT TO SUE BY PLAINTIFF  . . . . . . . . . . . . . . . . . . . . . . 8

VIII.       COVENANT NOT TO SUE BY SETTLING DEFENDANTS  . . . . . . . . . . . . 9

IX.         EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION  . . . . . . . . . . 9

X.          ACCESS TO INFORMATION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

XI.         RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

XII.        NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

XIII.    RETENTION OF JURISDICTION    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XIV.    INTEGRATION/APPENDICES    . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

XV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT  . . . . . . . . . . . 13

XVI.    EFFECTIVE DATE  . . . . : . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

XVII.    SIGNATORIES/SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) <br> ) |
| Plaintiff | ) <br> ) Civil Action No. *04-5317* |
| v. | ) |
| Cabot Corporation, NCR Corporation, American Telephone and Telegraph Company, Inc., International Business Machines Corporation, Unisys Corporation, Carpenter Technology Corporation, Square D Company, and General Electric Company | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

### CONSENT DECREE

## I. BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Revere Chemical Superfund Site in Nockamixon Township, Bucks County, Pennsylvania ("the Site").

B.  The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C.  The United States and Settling Defendants agree, and this Court by entering this

5

Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants.  Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  PARTIES BOUND

2.  This Consent Decree is binding upon the United States, and upon Settling Defendants and their successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.  DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601- 9675.

b.  "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c.  "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.  "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e.  "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f.  "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g.  "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

h.  "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

6

      i.  "Parties" shall mean the United States and the Settling Defendants.

      j.  "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid through January 21, 2003, at or in connection with the Site, as referenced in the cost report attached hereto as Appendix C, plus accrued Interest on all such costs.

      k.  "Plaintiff" shall mean the United States.

      l.  "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

      m. "Settling Defendants" shall mean "those parties identified in Appendix A."

      n.  "Site" shall mean the Revere Chemical Superfund Site, encompassing approximately 112.4 acres, located along Route 611 in Nockamixon Township, Bucks County, Pennsylvania, and depicted more clearly on the map included in Appendix B.

      o.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.  REIMBURSEMENT OF RESPONSE COSTS

      4.  Payment of Past Response Costs to the EPA Hazardous Substance Superfund.  Within 30 days of entry of this Consent Decree, Settling Defendants shall pay to the EPA Hazardous Substance Superfund $929,530.92 in reimbursement of Past Response Costs. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2004V00973 , the EPA Region and Site Spill ID Number 03A8, and DOJ Case Number 90-11-2-943/3. Payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the Eastern District of Pennsylvania following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Settling Defendants shall send notice to EPA and DOJ that payment has been made in accordance with Section XII (Notices and Submissions) and to :

Barbara Borden (3PM30)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

and

Suzanne Canning (3RC00)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

## VI.  FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

      5.  Interest on Late Payments.  In the event that any payment required by Section V

7

(Reimbursement of Response Costs) or Section VI, Paragraph 6 (Stipulated Penalty), are not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

6. Stipulated Penalty.

a. If any amounts due to EPA under this Consent Decree are not paid by the required date, Settling Defendants shall pay to EPA as a stipulated penalty, in addition to the Interest required by Paragraph 5, $1,000.00 per violation per day that such payment is late.

b. If Settling Defendants do not comply with Section X. (Access to Information), or Section XI. (Retention of Records), Settling Defendants shall pay to EPA, as a stipulated penalty, $500.00 per violation per day of such noncompliance.

c. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

U.S. Environmental Protection Agency
Region III
ATTENTION: Superfund Accounting
P.O. Box 360515
Pittsburgh, PA 15251-6515

All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Region and Site Spill ID Number 03A8, USAO File Number 2004V00773, and DOJ Case Number 90-11-2-943/3. Copies of checks paid pursuant to this Paragraph, and any accompanying transmittal letters, shall be sent to EPA and DOJ as provided in Section XII (Notices and Submissions) and to:

Barbara Borden (3PM30)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

and

Suzanne Canning (3RC00)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the

8

simultaneous accrual of separate penalties for separate violations of this Consent Decree.

7. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

8. Payments made under Paragraphs 5-7 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

9. The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

10. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

11. Covenant Not to Sue by United States. Except as specifically provided in Paragraph 12 (Reservation of Rights by United States), the United States covenants not to sue Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This Covenant Not to Sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs to the United States) and Section VI, Paragraphs 5 (Interest on Late Payments) and 6(a) (Stipulated Penalty). This Covenant Not to Sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

12. Reservation of Rights by United States. The covenant not to sue set forth in Paragraph 11 does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to:

       a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

       b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

       c. criminal liability;

       d. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

       e. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

9

## VIII.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

13.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of response actions at the Site for which the Past Response Costs were incurred; and

c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

14.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## IX.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

15.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

16.  The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Past Response Costs.

17.  Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

18.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in

Section VII.

## X. ACCESS TO INFORMATION

19. Settling Defendants shall provide to EPA, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

20. Confidential Business Information and Privileged Documents.

a. Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Documents or information determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendants.

b. Settling Defendants may assert that certain documents, records or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege in lieu of providing documents, they shall provide Plaintiff with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted. However, no documents, reports or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

21. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XI. RETENTION OF RECORDS

22. Each Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary, until ten (10) years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph B.2 of Section XVII (Certification of Completion of the Work) of the Unilateral Administrative Order for Remedial Design/Remedial Action, EPA Docket No. III-95-06-DC.

11

23.  After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records or documents to EPA.   Settling Defendants may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following:  1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted.  However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged.  If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

24.  By signing this Consent Decree, each Settling Defendant certifies individually that, to the best of its knowledge and belief, it has:

a.  conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

b.  not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

c.  fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

## XII.  NOTICES AND SUBMISSIONS

25.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendants, respectively.

As to the United States

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-943/3)
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA:

Andrew Duchovnay (3RC42)
Senior Assistant Regional Counsel
U.S. EPA, Region III
1650 Arch Street
Philadelphia, PA 19103-2029

and

Ruth Scharr (3HS21)
Remedial Project Manager
U.S. EPA, Region III
1650 Arch Street
Philadelphia, PA 19103-2029


As to Settling Defendants:
Geoffrey Seibel
de maximus
1125 S. Cedar Crest Blvd. Suite 202
Allentown, PA 18013


## XIII.  RETENTION OF JURISDICTION

26.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.


## XIV.  INTEGRATION/APPENDICES

27.  This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the complete list of Settling Defendants; and "Appendix B" is the map of the Site, and Appendix C is the EPA Cost Reports dated October 10, 2001 and February 3, 2003.


## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

13

28.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

29.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  **EFFECTIVE DATE**

30.  The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVII.  **SIGNATORIES/SERVICE**

31.  Each undersigned representative of a Settling Defendant to this Consent Decree and the Chief of the Environmental Enforcement Section, Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

32.  Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

33.  Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

SO ORDERED THIS _3d_ DAY OF _February_, 200_4_.

_United States District Judge_

14

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. _04-5317_, relating to the Revere Chemical Superfund Site.


FOR THE UNITED STATES OF AMERICA


Date: _11/4/04_

Bruce S. Gelber
Section Chief
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
Washington, D.C. 20530


Date: _11/08/04_

Elliot Rockler
Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611


Patrick Meehan
United States Attorney

Date: _11/16/04_          By:

Margaret Hutchinson
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

15

Date: _____

Donald S. Welsh
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19107-2023

Date: 7/20/04

Andrew Duchovnay
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19107-2023

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. 04-5317 , relating to the Revere Chemical Superfund Site.

FOR DEFENDANT CABOT CORP.

Date: 4/1/04

[Names and address of Defendant's signatories]

Brian A. Berube
Vice President and General Counsel
Cabot Corp.

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:    Gerard A. Caron
         Counsel
Title:   _____
         Cabot Corp.
Address: Two Seaport Lane, Suite 1300
         Boston, MA 02210

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. *04- 5317* , relating to the Revere Chemical Superfund Site.

FOR DEFENDANT

Date: *4-5-04*

[Names and address of Defendant's signatories]
Wayne S. Balta
Vice President, Corporate Environmental Affairs and Product Safety
IBM Corporation
294 Route 100
Somers, NY 10589
        Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:    George B. O'Hanlon

Title:    Counsel, Environmental Affairs and Product Safety
          IBM Corporation
Address: 294 Route 100
          Somers, NY 10589

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. _04-5317_ , relating to the Revere Chemical Superfund Site.

FOR DEFENDANT

Date: _3-22-04_

[Names and address of Defendant's signatories]

GARY M. FISHER
LUCENT TECHNOLOGIES INC. AS SUCCESSOR IN INTEREST TO
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, INC.
600 MOUNTAIN AVE., MURRAY HILL, NJ 07974

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: GARY M. FISHER

Title: REMEDIATION MANAGER

Address: LUCENT TECHNOLOGIES INC.
600 MOUNTAIN AVE.
MURRAY HILL NJ 07974

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. _04-5317_, relating to the Revere Chemical Superfund Site.

FOR DEFENDANT

Date: _15 Mar 2004_

[Names and address of Defendant's signatories]

*Lisa A. Hamilton*
*Manager, Mid Atlantic / Southeast /*
*Western Regions*
*General Electric Co.*
*640 Freedom Business Center*
*King of Prussia PA 19406*

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: CT Corporation System
       1515 Market St.
Title: Suite 1210
       Philadelphia, PA  19102
Address: _____

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. _04-5317_, relating to the Revere Chemical Superfund Site.

FOR DEFENDANT

Date: _3/17/04_

_____

Unisys Corporation, Gregory T. Fischer
[Names and address of Defendant's signatories]    Vice President, Facilities
and Asset Management


Agent Authorized to Accept Service on Behalf of Above-signed Party:


Name: _David T. Noble_

Title: _Assistant_ General Counsel

Address: Unisys Corporation
Unisys Way, M/S E8-106
Blue Bell, PA  19424

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. _04-5317_, relating to the Revere Chemical Superfund Site.

FOR DEFENDANT

Date: 5/18/04

NCR Corporation

[Names and address of Defendant's signatories] 1700 S Patterson Blvd.
Dayton, ON 45479

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _Susan R. Chene_

Title: _Chief Litigation Counsel_

Address: _1700 S. Patterson Blvd._
_Dayton, ON 45479_

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States of America v. Cabot Corporation, et al., Civil Action No. 04-5317 , relating to the Revere Chemical Superfund Site.

FOR DEFENDANT

Date: 6/4/04

[Names and address of Defendant's signatories]

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Carpenter Technology Corporation

Name:    David A. Christiansen

Title:    Vice President, General Counsel and Secretary

Address:  101 W. Bern Street
          Reading, PA  19601

Square D Company

By: _____

Name (print):  *HOWARD E. JAPLON*

Title:  *SR. VICE PRESIDENT, GENERAL COUNSEL & SECRETARY*

Date:  *MARCH 17, 2004*